UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and PHILIPS SOLID-STATE LIGHTING SOLUTIONS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>JST PERFORMANCE, INC. d/b/a RIGID INDUSTRIES,<br><br>Defendant. | CASE No. 6:14-cv-1198-Orl-31GJK<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S MOTION TO TRANSFER VENUE**

Defendant JST PERFORMANCE, INC. D/B/A RIGID INDUSTRIES ("Rigid") hereby moves to transfer this case to the District of Arizona pursuant to 28 U.S.C. § 1404(a), showing:

1. By filing this patent infringement case where neither Plaintiffs nor Defendant are domiciled, and where no allegedly infringing activities (other than some portion of Rigid's *nationwide* sales) took place, and where none of the design, research, development, testing, or manufacturing occurred (all occurred in Rigid's places of business in Arizona), Plaintiffs defy at least three decades of federal jurisprudence,[1] not to mention the uniform holdings of this Court[2] and other federal courts of this State. Venue should be transferred and sanctions relief awarded to Rigid.

[1] *See*, *e.g.*, *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185 (N.D. Ill. 1983).
[2] "Arguing that Colorado, rather than Florida, is the center of gravity for this patent infringement action, Defendants seek an order transferring this case to the District of Colorado." *Suomen Colorize Oy v. Dish Network L.L.C.*, 801 F. Supp. 2d 1334, 1336 (M.D. Fla. 2011) (venue transfer granted).

2. That venue is improper can be sufficiently gleaned from the Complaint itself, without any need for extraneous evidence. Koninklijke Philips is a Netherlands corporation, with a principal place of business in The Netherlands. Complaint ¶ 2. Philips Solid-State is a Delaware corporation with a principal place of business in Massachusetts. *Id*. ¶ 3. (Collectively the Plaintiffs are referenced as "Philips.") Rigid is an Arizona corporation with a principal place of business in Gilbert, Arizona.[3] *Id*. ¶ 4. Thus, *none* of the parties are located in this forum.

3. In fact, the *only* allegations which relate to Florida are in the personal jurisdiction and venue allegations, claiming that Rigid has sold allegedly infringing products "*throughout the United States*, including Florida and this judicial district," Complaint ¶ 6 (emphasis added), and Rigid has sufficient minimum contacts with Florida, *id*. ¶ 7. These allegations could place Rigid in virtually *any* forum and are not sufficient to show *convenient* venue, or venue in the interest of justice, in any *particular* forum. The *only* "convenient" forum, in which this case should proceed in the interest of justice, is Arizona.

4. The Declaration of Seth Anderson (Exhibit A), Rigid's CFO (*id*. ¶ 3), shows that Rigid's operations are primarily located as follows:

Colorado Facility – 50,000 sq. ft.
779 N. Colorado St.
Gilbert, AZ 85233
("Primary Facility")

Fiesta Facility – 13,500 sq. ft.
1580 N. Fiesta Blvd.
Gilbert, AZ 85233

Ivy Facility – 15,000 sq. ft.
4641 E. Ivy St.
Mesa, AZ 85205.

*Id*. ¶ 6. In excess of 200 employees are employed by Rigid at these facilities. *Id*. ¶ 7. Rigid's

[3] Gilbert, Arizona is approximately 25 miles from Phoenix, Arizona. Declaration of Seth Anderson (Exhibit A) ¶ 5.

officers work in Gilbert and Mesa and live in Phoenix Metro. *Id.* ¶ 8. The development, testing, and research of the allegedly infringing products by Rigid are conducted in the Arizona facilities. *Id.* ¶ 9. The allegedly infringing products are manufactured in Gilbert. *Id.* The designers and engineers creating the allegedly infringing products live in Phoenix Metro and work in Gilbert and Mesa. *Id.* ¶ 10. The documents relating to design of the allegedly infringing products are maintained in Gilbert. *Id.* ¶ 11. The primary decisions concerning sales and marketing of the allegedly infringing products are made in Gilbert. *Id.* ¶ 12.

5. Conversely, Rigid has no employees in this State or District. *Id.* ¶ 14. Rigid has no offices or places of business in this State or District. *Id.* ¶ 15. Rigid owns no property in this State or District. *Id.* ¶ 16. Rigid has no bank account in this State or District. *Id.* ¶ 17. In fact, Rigid's only known connection with this State or District is that Rigid makes sales in this State, as it does in most States in this country *Id.* ¶ 18. While sales alone may be barely sufficient to predicate personal jurisdiction and permissible venue, they are certainly not sufficient to show that this District is in any way a "convenient" forum or one in which this case should proceed in the interests of justice. See *id.* ¶ 19 ("substantially greater expense and disruption").

6. Factors to be considered in venue transfer cases in this District include:

> Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative [sic] documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive.

*Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011) (citation omitted).

A. **Plaintiff's Choice of Forum Is Not Entitled to Any Weight**.

7. Generally a plaintiff's choice of forum is to be given weight. But not in this circumstance:

> However, "[i]n patent cases, the preferred forum is the defendant's place of business as that usually constitutes the center of gravity of the alleged patent infringement." *Proven Winners N. Am., L.L.C. v. Cascade Greenhouse,* No. 2–06–CV–428–FTM–29DNF, 2007 WL 1655387, at *2, 2007 U.S. Dist. LEXIS [41010], at *6 (M.D. Fla. June 6, 2007).
>
> It should also be noted that "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.,* 508 F.Supp.2d 1186, 1189 (S.D.Fla.2007). In this case, the Court lends less deference to Suomen's choice of forum because Suomen, a Finnish Corporation with no business operations in Florida, has no connection to the Middle District of Florida.
>
> Furthermore, "[W]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Garay v. BRK Elecs.*, 755 F.Supp. 1010, 1011 (M.D.Fla.1991). Here, the Court gives Suomen's choice of forum less weight because the operative facts underlying Suomen's complaint did not occur in the Middle District of Florida. According to the declaration of DISH employee Amy Conley, "DISH has no operations related to its technology anywhere in Florida." (Doc. # 15–1). In addition, EchoStar's Senior Vice President, Jeff McSchooler, declared that "the majority of the decisions regarding the activity at EchoStar's uplink facilities are centered in Colorado." (Doc. # 26–2). Because Suomen is not from the Middle District of Florida and the operative facts did not occur in the Middle District of Florida, the Court affords minimal deference to Suomen's choice of forum in the Middle District of Florida.

*Suomen, supra,* 801 F. Supp. 2d at 1338.[4]

---

[4] "In patent cases, the law of the Federal Circuit governs. *In re TS Tech USA Corp.,* 551 F.3d 1315, 1320 (Fed.Cir.2008). The Federal Circuit explains that '[i]n reviewing a district court's ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit.' *In re Nissim Corp.*, 316 Fed.App. 991, 992 (Fed.Cir.2008)." *Brandywine Commc'ns Technologies, LLC v. Cisco Sys., Inc.*, No. 6:11-CV-1843-ORL-36-DAB, 2012 WL 8281188 at *2 (M.D. Fla. Mar. 26, 2012) ("*Cisco*"). Eleventh Circuit law certainly supports transfer of venue in circumstances analogous to those involved here. *See*:

> In this case, it is undisputed that Buckeye's Flint River Plant and all employment records relevant to appellants' suits have, at all relevant times, been located within the Middle District of Georgia. In addition, it was reasonable for the district courts to assume that the overwhelming majority of the witnesses whose testimony might be relevant to the trial of appellants' claims resided in the

8. Numerous other cases are in accord with *Suomen* as to weakened choice of venue weight in similar patent cases. *See Cisco, supra*, 2012 WL 8281188 at *3[5]; *Proven Winners N. Am., LLC v. Cascade Greenhouse*, No. 2:06-cv-428-FtM-29-DNF, 2007 WL 1655387 at *1-2 (M.D. Fla. June 6, 2007) (*e.g.*, "a plaintiff's choice of forum is also afforded less weight if the majority of the operative events occurred elsewhere," *id*. at *1 (citations omitted)); *Seal Shield, LLC v. Otter Products, LLC*, No. 6:13-CV-967-ORL-37-DAB, 2013 WL 6017330 at *3 (M.D. Fla. Nov. 13, 2013) ("Typically, the locus of operative facts in intellectual property infringement cases is where the 'allegedly infringing product was designed, developed, and produced.'") (trademark case, but citing, *inter alia*, *Proven Winners*); *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011); *Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1276 (S.D. Fla. 2014); *Cellularvision Tech. & Telecommunications, L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) ("where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required") (citations omitted); *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 14-20529-CIV, 2014 WL 3673314 at *6 (S.D. Fla. July 23, 2014) ("only minimal deference is required where (a) a plaintiff has chosen a forum that is not its home forum or (b) the operative facts underlying the cause of action did not occur within the forum the plaintiff has chosen") (citations omitted); *Wi-LAN USA, Inc. v. Apple Inc.*, 12-CV-24318-KMM, 2013 WL 1343535 at 85 (S.D. Fla. Apr. 2,

---

> Middle District of Georgia. Consequently, although it was proper for appellants initially to bring their Title VII suits in either the Northern or Southern District of Georgia, we hold that these courts did not abuse their discretion in transferring the suits to the Middle District of Georgia.

*Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993). Nonetheless, patent cases are *sui generis*, in that there is no Eleventh Circuit precedent directly on point as all patent cases are within the Federal Circuit's appellate jurisdiction. Consequently, decisions of this State's District Courts in patent cases should be definitive (considering also Federal Circuit application of various forum Circuits' legal principles, as "glossed" by the Federal Circuit in the unique setting of patent law).

[5] *Cisco* further notes that merely being able to *predicate personal jurisdiction* in one forum should not be confused with *appropriate* venue: "The Court agrees with Defendant that Plaintiff seemingly conflates the minimum contacts analysis that would be necessary to establish personal jurisdiction with the connection between the patent suit and the chosen forum which is relevant for an analysis of appropriate venue." *Id*. n.1.

2013). *Accord*, *Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1045 (S.D. Tex. 2007); *Agilent Technologies, Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 327 (E.D. Va. 2004).

9. "Defendants argue that Florida is only convenient to CT & T's counsel, whose presence in Florida appears to be CT & T's only connection to Florida. Convenience to counsel 'is generally not an appropriate consideration' in a 1404(a) transfer motion. *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir.1973).[6] Plaintiff has not shown any other reason why Florida would be a more convenient forum for it." *Cellularvision*, 508 F. Supp. 2d at 1190 (footnote added). The same is true in this case, and therefore nothing weighs in favor of Plaintiffs' forum choice.[7]

B. **<u>Convenience of Parties and Witnesses Favors Transfer</u>**.

10. This second factor, which is given "great weight," strongly favors Arizona. *Suomen*, *supra*, 801 F. Supp. 2d at 1338. As shown in the Anderson Declaration, all presently anticipated Rigid witnesses live and work in Gilbert, Mesa, or Phoenix Metro, Arizona. *Id*. ¶¶ 6, 7, 8, 10, & 13. Whereas, Anderson knows of no witnesses who live or work in this District. *Id*. ¶ 18.[8] *Suomen*, *supra*. Certainly nothing from Plaintiff's *Complaint* would suggest otherwise.[9] *See also Cisco*, *supra*, 2012 WL 8281188 at *1, *4-5. *Accord*:

[6] *See also Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp. 2d 936, 939 (E.D. Va. 2001) ("Finally, location of counsel for the litigant is not entitled to deference in a determination whether the Court should transfer venue. *See Cognitronics Imaging Sys.*, 83 F.Supp.2d at 698 ('convenience to counsel is not an appropriate matter for consideration in resolving the appropriateness of a motion to transfer venue'). Accordingly, the Court gives Plaintiff's choice of forum very slight weight.").

[7] The only slightest possible exception is that *one* inventor out of *six* for one of the *eleven* patents-in-suit is shown on the patent to have been in Florida at the time of the patent's filing on October 25, 2001 (Timothy Holmes from Jacksonville, Florida—*not Orlando*—on the '448 Patent as identified in and attached to Philip's Complaint), whose current whereabouts is unknown to Rigid.

[8] *Cf. Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1277 (S.D. Fla. 2011) ("Microsoft further states that none of the inventors of the Microsoft patents at issue reside in Florida"). *But cf.* n.7 *supra*.

[9] Should Plaintiffs in response argue that they plan to use any expert witnesses in this District, "consideration of expert witnesses is entitled to little or no consideration." *Suomen*, *supra*, 801 F. Supp. 2d at 1339.

> [I]t is well established that the majority of the witnesses in a patent infringement case likely originate with the defendant. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed.Cir.2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.").

*Brandywine Commc'ns Technologies, LLC v. AT&T Corp.*, No 6:12-CV-283-ORL-36-DAB, 2012 WL 1658810 at *3 (M.D. Fla. Apr. 25, 2012), report and recommendation adopted, 2012 WL 1658533 (May 11, 2012) ("*AT&T*"); *see also In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("No non-party witnesses have been identified as being within the Eastern District of Texas. On the other hand, it appears undisputed that a number of witnesses in the Eastern District of Michigan have knowledge potentially relevant to infringement and validity issues, even if it is not possible at present to specify further just how material their testimony might be to the yet-undeveloped issues in the case.") (footnote omitted); *In re Nintendo Co., Ltd*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) ("four of the identified witnesses live in Washington, and no witnesses live in Texas"); *Capella*, *supra*, 2014 WL 3673314 at *5 ("none of the parties have identified any witnesses in Florida with relevant information"); *Wi-LAN USA, Inc. v. Apple Inc.*, No. 12-CV-24318-KMM, 2013 WL 1343535 at *3 (S.D. Fla. Apr. 2, 2013) ("no potential witnesses are located in S.D. Fla., the State of Florida, or the greater southern region").

11. If any Rigid employees referenced by Anderson were called as witnesses, having them travel to the Middle District of Florida would be less convenient than having them travel to the District of Arizona. *See Suomen* at 1338 (same holding as to Colorado). Whereas, any employees of Plaintiffs who may testify will have to travel a considerable distance in all events, so their inconvenience in having the case in Arizona instead of Florida is comparably minimal:

> However, it must be noted that GCT has no identifiable employees in this District, and no office bears its name here. (See Mot. 16; Opp'n 4). Additionally, regardless of whether the litigation proceeds in this District or in the Northern District of California, GCT acknowledges its employees, the majority of whom are located in Canada, will be required to travel a significant distance.

*Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1274 (S.D. Fla. 2014). *Accord*:

> The significant weight given to the inconvenience of the European witnesses is in direct conflict with the more appropriate approach of several other district court decisions. *See Neil Bros.*, 425 F.Supp.2d at 330 (noting that it is comparatively only slightly less convenient to travel from the United Kingdom to New York than it is to travel from the United Kingdom to Tennessee); *Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740, 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999) (stating that witness traveling from Finland were no more inconvenienced by having to travel to Indiana than they would be traveling to New York); *accord Cento Group, S.p.A. v. OroAmerica, Inc.*, 822 F.Supp. 1058, 1061–62 (S.D.N.Y.1993) (European plaintiff was no more inconvenienced by litigating in California than in New York); *Ricoh Co. v. Honeywell, Inc.*, 817 F.Supp. 473, 484 (D.N.J.1993) (plaintiff's witnesses from Japan were no more inconvenienced by testifying in Minnesota than in New York).

*In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009). *And see*:

> The Court finds it difficult to believe that Plaintiff would be more inconvenienced by prosecuting its case in Arkansas rather than Florida, considering Plaintiff is a Delaware entity headquartered in New York, and that Plaintiff has little or no apparent connection to the Southern District of Florida. On the other hand, Defendants have shown it would be much more convenient for them to proceed where they are headquartered nationally, thus the convenience of the parties weighs in favor of transfer.

*Cellularvision*, 508 F. Supp. 2d at 1190.

12. In addition to Rigid's own employees, there are at least two key third-party witnesses who live in the Phoenix Metro area: (a) James Rhodes, an independent contractor for Rigid who has designed the light-emitting diodes ("LED") Drivers related to the accused devices, who may provide testimony with respect to Rigid's alleged infringement of the '890, '572, and '559 Patents as identified in and attached to the Complaint, all relating to LED Drivers; and (b) Verde Designs, Inc., the designer of the DMX controller for Rigid's "Wake Flame" multi-color submersible LED lights, who may provide testimony relating to Rigid's alleged infringement of the '136, '011, '659, and '448 Patents as identified in and attached to the

Complaint, all relating to multi-color lights. Anderson Dec. ¶ 13. It would clearly be more convenient for these non-party witnesses for suit to proceed in Arizona.

13. Therefore, consideration of the weighty factor of convenience of the parties and witnesses favors transfer of venue to Arizona.

C. **Sources of Proof and Documentary Evidence Favor Arizona**.

14. As far as is known, the documentary evidence would come largely from Arizona, Anderson Dec. ¶ 11, and so far as known none from Florida. Therefore, this factor weighs in favor of transfer:

> The third factor, relative ease of access to sources of proof, supports transfer to the District of Colorado. "This factor examines the location of sources of documentary proof and other tangible materials, and the ease with which the parties can transport them to trial." *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F.Supp.2d 1322, 1327 (M.D.Fla.2010). In patent infringement cases, "the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed.Cir.2009) (internal citations omitted).
>
> The documents necessary to try this lawsuit are found in the District of Colorado. According to the Declaration of King, "only EchoStar has all the manufacturing data (including purchase orders and schedules) on its set-top boxes, which is centrally located at EchoStar's headquarters in Colorado; no such data is located in Florida." (Doc. # 26–1). Even the information regarding DISH's Florida customers is kept in Colorado. (Doc. # 15 at 7). Thus, the Court determines that this factor militates in favor of transfer to Colorado.

*Suomen, supra*, 801 F. Supp. 2d at 1339. *See also Cisco, supra*, 2012 WL 8281188 at *6; *AT&T, supra*, 2012 WL 1658810 at *5; *Lo-Q PLC v. QLess, Inc.*, No. 8:11-cv-2628-T-23-TGW, 2012 WL 1551277 at *1 (M.D. Fla. April 30, 2012) ("Most of the operative facts and probative evidence likely occurred or reside in California, where QLess developed and built the accused product."); *Cellularvision, supra*, 508 F. Supp. 2d at 1191-92; *Agilent, supra*, 316 F. Supp. 2d at 328 ("it does not appear that there is one relevant document in this district"). Indeed, the

accused infringing devices are manufactured in Gilbert, Arizona.

D. **Availability of Compulsory Process**.

15. Since no known potential witnesses are in the Orlando Division of the Middle District, whereas a number of potential witnesses are in Arizona, this factor weighs heavily in favor of transfer. More particularly, at least two non-party witnesses reside in Arizona in the Phoenix Metro area as noted above: (a) James Rhodes, an independent contractor for Rigid who has designed the light-emitting diodes ("LED") Drivers related to the accused devices, who may provide testimony with respect to Rigid's alleged infringement of the '890, '572, and '559 Patents as identified in and attached to the Complaint, all relating to LED Drivers; and (b) Verde Designs, Inc., the designer of the DMX controller for Rigid's "Wake Flame" multi-color submersible LED lights, who may provide testimony relating to Rigid's alleged infringement of the '136, '011, '659, and '448 Patents as identified in and attached to the Complaint, all relating to multi-color lights. These witnesses can be compelled to appear in the District of Arizona but not in this District. This factor favors transfer.

E. **Financial Ability to Bear the Cost of Change**.

16. Philips would not suffer significantly (if at all) from the transfer since it has no connection with Florida, and its witnesses would have to fly into whichever forum the case proceeds in, whether Arizona or Florida. Even if there were some slight additional cost, however, Philips would be hard-pressed to claim any financial inability. According to public records, Philips is a large multinational company, with 2012 total annual receipts exceeding $32 Billion, including in excess of $10 Billion in lighting sales. Philips initiated this dispute in an inappropriate forum apparently intending to significantly increase the expense of this litigation for the much smaller Rigid. This is typical of Philip's "bullying" tactics. Therefore, this factor

weighs in favor of transfer.

F. **<u>The Locus of Operative Facts Favors Transfer</u>**.

17. "In patent cases, the preferred forum is the defendant's place of business as that usually constitutes the center of gravity of the alleged patent infringement." *Proven Winners, supra*, 2007 WL 1655387 at *2 (citation omitted). *Accord, Fresh Patch, LLC v. Youn*, No. 8:13-cv-2602-SDM-AEP, 2014 WL 3720448 at *3 (M.D. Fla. June 25, 2014); *In re World Wide Medical Tech, LLC*, No. 4:11-cv-614, 2012 WL 1252423 at *2 (N.D. Fla. April 13, 2012); *Game Controller Tech. LLC v. Sony Computer Entertainment America LLC*, 994 F. Supp. 2d 1268; *Motorola*, 804 F. Supp. 2d at 1276, 1275 (S.D. Fla. 2014). *See also*:

> In patent infringement cases, the "preferred forum is that which is the center of gravity of the accused activity." *Id.*[10]; *see S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F.Supp. 1185, 1187–88 (N.D.Ill.1983). The "center of gravity" for such a claim is in the district where the alleged infringement occurred. In finding that "center of gravity," a district court "ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Id.*; *S.C. Johnson*, 571 F.Supp. at 1188. "Appropriate considerations include the location of a product's development, testing, research and production [and] the place where marketing and sales decisions were made, rather than where limited sales activity has occurred." *Ricoh Co.*, 817 F.Supp. at 482 n. 17 (citations omitted).

*Saint-Gobain Calmar, Inc. v. Nat'l Products Corp.*, 230 F. Supp. 2d 655, 660 (E.D. Pa. 2002) (footnote reference added). Thus, as stated in *Cellularvision, supra*,

> Courts have held that in patent infringement cases, when the Plaintiff has not brought suit in its home jurisdiction, the defendant's home jurisdiction in which the majority of development, testing, research, production, and decisions regarding marketing and sales took place is the most convenient venue under 1404(a). *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F.Supp. 1185 (N.D.Ill.1983) (case transferred to defendant's home jurisdiction, in part because, "all development, testing, research, and production of the subject product ... [and] virtually all marketing and sales decisions were made [in the defendant's home jurisdiction.]"); *Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.*, 6 F.Supp.2d 349, 357–58 (D.N.J.1998) (case transferred to jurisdiction where defendant had its principal place of business, in part because venue " 'ought to be

[10] *Renzetti, Inc. v. D.H. Thompson, Inc.*, 1997 WL 230806, 1997 U.S. Dist. LEXIS 6121 at *9 (E.D.Pa.1997).

> as close as possible to the milieu of the infringing device and the hub of activity centered around its production ... [and] appropriate considerations include the location of the product's development, testing, research and production ... [and] where marketing and sales decisions are made, rather than where limited sales activity has occurred.") (internal citations omitted).

*Id.*, 508 F. Supp. 2d at 1193 (further citations omitted).[11]

18. Aside from the irrelevance of location of counsel, it appears there is nothing else which would tie this case to this forum besides some sales, out of a national market, being made in this forum. However, this is not a significant factor and cannot justify keeping this case in this venue standing alone:

> As this Court noted in *Acterna v. Adtech, Inc.*, "[f]ederal courts are not solicitous of plaintiffs claiming 'substantial weight' for their forum choice where the connection with the forum is limited to sales activity without more." 129 F.Supp 2d 936, 938 (E.D.Va.2001). Here, Micromuse's sales activity is the only thing connecting Plaintiff's cause of action to this forum. Plaintiff does not have one office in this district, Plaintiffs witnesses do not live or work in Virginia, and it does not appear that one material document is located in this district. Further, the product presently at the center of Plaintiff's allegations, Micromuse's SLA Manager ("SLAM"), was not created or developed in Virginia. Def. Transfer Mem. at 1. Therefore, the Court concludes that Plaintiff's choice of forum is not entitled to substantial weight.

*Agilent*, *supra*, 316 F. Supp. 2d at 327 (footnotes omitted). Also, if the marketing is on a national scale, no *individual* state is preferred over another on that basis:

> Capella argues that Defendants supply ROADMs for optical networks deployed in Florida. However, Defendants offer the accused products for sale nationwide, which does not give rise to a substantial interest in any specific venue. *See In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed.Cir.2010).
>
> Accordingly, the locus of operative fact is in the Northern District of California, not Florida. This factor favors transfer.

---

[11] *See also Amini*, *supra*, 512 F. Supp. 2d at 1045 ("Regardless of any particular sales to BEL Furniture in Texas, the 'center of gravity' of the alleged infringement is most likely New Jersey, where Collezione's principal place of business is located, the marketing and sales decisions occurred, and the documents relative to the accused products are located. *See, e.g.*, *Minka*, 2003 WL 21251684, at *3 (granting motion to transfer venue in patent infringement suit where plaintiff alleged that some infringing sales occurred in Texas; 'regardless of any particular sales [in Texas], the 'center of gravity' of the accused activity—*i.e.*, the place where product development, testing, research, and production as well as any marketing and sales decisions occurred—is most likely the defendants' home offices in the Central District of California.'). This factor strongly weighs in favor of transfer.") (citation omitted).

*Capella*, *supra*, 2014 WL 3673314 at *6. This factor favors transfer in *this* case as well. *Accord*, *Motorola*, *supra*, 804 F. Supp. 2d at 1275; *Saint-Gobain*, 230 F. Supp. 2d at 660 ("one of many fora"). As such, the greater Phoenix, Arizona area is the center of gravity of the accused activity.

G. **Nothing Ties this Case to Florida, Unlike Arizona, So Venue Should Be Transferred**.

19. With these facts, Federal Circuit law clearly calls for venue transfer:

> As in *Volkswagen, TS Tech, Genentech,* and this court's most recent decision, *In re Hoffmann–La Roche Inc.*, Misc. No. 911, 2009 WL 4281965 (Fed.Cir. Dec. 2, 2009), this case features a stark contrast in relevance, convenience, and fairness between the two venues. *See Volkswagen,* 545 F.3d 304; *TS Tech,* 551 F.3d 1315; *Genentech,* 566 F.3d 1338. This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer. *See, e.g., Hoffmann–La Roche,* 2009 WL 4281965; *Genentech,* 566 F.3d 1338; *TS Tech,* 551 F.3d 1315.

*In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). *Accord*:

> [T]he district court's analysis presents a clear overall picture: nothing favors the transferor forum, whereas several factors favor the transferee forum. The analysis may not show that the transferee forum is *far* more convenient. But that is not what is required. With nothing on the transferor-forum side of the ledger, the analysis shows that the transferee forum is "*clearly* more convenient." *In re Volkswagen*, 545 F.3d at 315 (emphasis added).

*In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (further citation omitted).

## CONCLUSION

There are no significant contacts (if *any*) between this case and this forum. There are substantial Rigid contacts with Arizona. The center of gravity of this lawsuit is in Phoenix, Arizona. All factors weigh in favor of venue in that forum. Defendant Rigid prays for transfer of this case to the District of Arizona, as well as sanctions for Plaintiffs' filing in a clearly inconvenient forum (as has been held repeatedly and uniformly in controlling case law), and for such other or further relief to which Rigid may be entitled.

Respectfully submitted,

*/s/Richard L. Schwartz*

Richard L. Schwartz
Texas Bar No. 17869500
rschwartz@whitakerchalk.com
(Pro Hac Vice)
Attorney-in-Charge

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

Connis O. Brown, III
Florida Bar No. 641960
Email: cbrown@brownrobert.com

Seth P. Robert
Florida Bar No. 145696
Email: srobert@brownrobert.com

**BROWN ROBERT, LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, Florida 33301
Tel: (954) 832-9400
Fax: (954) 832-9430

**ATTORNEYS FOR DEFENDANT/COUNTER-CLAIMANT JST PERFORMANCE, INC. d/b/a RIGID INDUSTRIES**

## CERTIFICATE OF CONFERENCE

I hereby certify that I discussed this Motion with Denise DeFranco, Counsel for Plaintiff, on September 30, 2014. Agreement could not be reached. Therefore, this Motion is opposed and is submitted to the Court for disposition.

*/s/Richard L. Schwartz*
Richard L. Schwartz

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed by CM/ECF on this 30th day of September, 2014, and thereby is being served on all counsel who have consented to service thereby.

*/s/Richard L. Schwartz*
Richard L. Schwartz

146830