# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KONINKLIJKE PHILIPS N.V. and PHILIPS SOLID-STATE LIGHTING SOLUTIONS, INC.,**

**Plaintiffs,**

**v.** **Case No: 6:14-cv-1198-Orl-31GJK**

**JST PERFORMANCE, INC.,**

**Defendant.**

---

## ORDER

This matter comes before the Court without a hearing on the Motion to Transfer (Doc. 24) filed by the Defendant, JST Performance, Inc. (“JST”), and the response in opposition (Doc. 28) filed by the Plaintiffs, Koninklijke Philips N.V. (“KP”) and Philips Solid-State Lighting Solutions, Inc. (“Philips”).

### I. Background

The Plaintiffs filed the instant suit on July 23, 2014, alleging that various lighting devices manufactured and sold by JST infringe eleven patents held by the Plaintiffs. (Doc. 1 at 1). As set forth in the Complaint, Plaintiff KP is a corporation organized under the laws of the Netherlands, with its principal place of business in Amsterdam, while Plaintiff Philips is a Delaware corporation with its principal place of business in Massachusetts. (Doc. 1 at 2). The Defendant is an Arizona corporation with its principal place of business near Phoenix. (Doc. 1 at 2). By way of the instant motion, JST seeks to have this matter transferred to Arizona.

## II. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As described by the United States Supreme Court, the purpose of Section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964) (internal quotations omitted). The United States Court of Appeals for the Eleventh Circuit has identified nine factors relevant to a court's decision as to whether a case should be transferred pursuant to this section:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir.2005) (citation omitted). The movant bears the burden of establishing that the suggested alternate forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). A plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). However, where the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled to less consideration. *Garay v. BRK Elecs.*, 755 F.Supp. 1010, 1011 (M.D.Fla. 1991). In patent cases, the preferred forum tends to be the defendant's place of business, as that usually

constitutes the center of gravity of the alleged patent infringement. *Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F.Supp.2d 1334, 1338 (M.D.Fla. 2011).

**III. Analysis**

This case has no particular connection to this state. No party is incorporated in, or has a principal place of business in, Florida, and neither party is able to point to any witnesses, evidence, or operative facts that may be more easily accessed here than in any other state in the country. The accused products are sold nationwide.

It is undisputed that this matter could have been brought in the Defendant's home state of Arizona -- the state where, it appears from the record, the accused products were designed and manufactured, and where the Defendant's employees are located. The Plaintiffs chose this forum, and that choice is entitled to some weight. However, where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper. *Cellularvision Tech. & Telecommm., L.P. v. Alltel Corp.*, 508 F.Supp.2d 1186, 1189 (S.D.Fla. 2007).

Although the Plaintiffs make arguments as to the various 1404(a) factors set forth above, most are neutral or point toward transfer. Aside from the Plaintiffs' choice of this forum, the only issue even arguably favoring Florida over Arizona is speed of resolution. The Plaintiffs, relying on an excerpt from a government compilation of trial times (Doc. 28-8) and a privately published report on the same topic (Doc. 28-9) (henceforth, collectively, the "Plaintiffs' Trial Reports"), argue that the average time that it takes a case to reach trial in this district is roughly one year less than the comparable time in Arizona district court. It is not obvious that time-to-trial is a legitimate consideration under Section 1404(a). The Court also notes that if the Plaintiffs' dominant consideration was the time it would take to get to trial, the Plaintiffs' Trial Reports show

numerous other districts with average trial times that are roughly the same or lower than those in this district, and most of those districts are closer to both Arizona and Massachusetts than this district is.[1]

Finally, even assuming that the numbers in the Plaintiffs' Trial Reports are generally accurate, it is not clear that they have much bearing on the situation found in the instant case. One presumes that the bulk of the litigation referenced in those reports was conducted in the vicinity of at least some of the evidence and witnesses that was relevant to the cases. Where, as here, the chosen forum is more than a thousand miles from the vast majority of the evidence and witnesses, it seems likely that litigation will proceed less efficiently.

All things considered, the Court finds that the Plaintiffs' choice of forum and hope of speedy resolution are clearly outweighed by the efficiency gains likely to be found by trying this matter near the center of gravity of the alleged patent infringement. Accordingly, it is hereby

**ORDERED** that the Motion to Transfer (Doc. 24) is **GRANTED**, and this case is **TRANFERRED** to the United States District Court for the District of Arizona. All pending motions are **DENIED AS MOOT**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 25, 2014.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] It should be noted that the Middle District of Florida is one of the busiest and most productive districts in the United States.